UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LAURA ZILIOLI,

       Plaintiff(s),     Civil Action No. 1:17-cv-09495(WHP)

  -against-

THE CITY OF NEW YORK, NYC HUMAN
RESOURCES ADMINISTRATION POLICE
OFFICERS Sgt. JOHN LUGO (TAX REG #984447)
and P.O. ANNETTE VASQUEZ (SHIELD#1977),
Individually and in their official capacities,

       Defendant(s).

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

    Michael F. Rubin, Esq.
    Kelly & Rubin, LLP.
    Attorneys for Plaintiff – Laura Zilioli
    225 Broadway, 3rd Floor
    New York, New York 10007
    Tel: (212) 691-9393

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................... 1

    Plaintiff has established a Prima Facie Claim for Negligent Hiring
    and entitlement to Judgment as a Matter of Law ................................ 2-4

    Continuing to Assert that Assault Specificity is the Law doesn't make it so ........... 4

    Proximate Cause. ........................................................... 4-5

    Neither Jones-Alexis nor Freeman is entitled to Governmental Immunity ............. 5

    Jones-Alexis. .............................................................. 5-6

    Immunity for Dexter Freeman ............................................... 6-7

CONCLUSION .................................................................. 7

mfr: zilioli.reply table of contents

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Adorno v. Correctional Services Corp.
  312 F.Supp.2d at 518 .............................................................. .2

Doe v. Montefiore Med. Ctr.
  598 Fed Appx 42, 43 (2d Cir 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Richardson v. City of New York
  04 CIV. 05314 (THK), 2006 WL 3771115 [SDNY Dec. 21, 2006], *affd*, 326 Fed
  Appx 580 (2d Cir 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Sheila C. v. Povich
  2 Misc.3d 315, 324, 768 N.Y.S.2d 571, 580 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tsesarskaya v City of New York
  843 F Supp 2d 446, 463-64 (SDNY 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Villar v. Howard
  28 NY3d 74, 80-81 [2016]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wilson v. Diocese of New York, No. 96 Civ. 2400(JGK)
  No. 96 Civ. 2400(JGK), 1998 WL 82921, at *3-4 (S.D.N.Y. Feb. 26, 1998). . . . . . . . . . . . . . . . 2

**Statutes**                                                                                                 **Page(s)**

Fed R Civ 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

mfr: zilioli.reply table of authorities

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
LAURA ZILIOLI,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, NYC HUMAN
RESOURCES ADMINISTRATION OFFICER SGT.
JOHN LUGO (TAX REG # 984447), P.O. ANNETTE
VASQUEZ (SHIELD # 1977), INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITIES,

                                   Defendants.
-------------------------------------------------------------------- x

REPLY MEMORANDUM
IN SUPPORT OF
PLAINTIFF'S CROSS-
MOTION FOR PARTIAL
SUMMARY JUDGMENT

17 Civ. 9495 (WHP) (SN)

**Kelly & Rubin, LLP. by Michael F. Rubin, Esq. attorney for plaintiff Laura Zilioli.**

Plaintiff, Laura Zilioli by her attorney Michael F. Rubin, respectfully submits this Reply Memorandum in support of her Cross-Motion for Partial Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In the City's attempt to defeat the plaintiff's motion seeking partial summary judgment on liability, it is clear that assertions and conclusions offered by the City are unsupported by the facts and the law. Throughout their opposing papers, the City ignores obviously damaging statements in testimony given by critical witnesses Kelly Jones-Alexis and Dexter Freeman, to argue in support of their untenable position.

Counsel's continuous use of misleading conclusory phrases such as "comprehensive background check", and "discretionary judgment", disregards the actual deposition testimony and evidence. They use the phrase "would have" as a substitute for "did" when describing whether Kelly Jones-Alexis said or did something, in an attempt to convey that she actually did the things she said she "would have" done.

## Plaintiff has established a Prima Facie Claim for Negligent Hiring and entitlement to Judgment as a Matter of Law

The issues before the court in this motion are simple: has the plaintiff established as a matter of law each and every element of the cause of action of negligent hiring? These are: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.' " *Tsesarskaya v City of New York*, 843 F Supp 2d 446, 463-64 [SDNY 2012]. We have.

There is no question that not only has a *prima facie* case has been made out on the evidence before the court, but entitlement to judgment as matter of law has as well. It is well settled that *prima facie* evidence is evidence which if accepted as true, satisfies each and every element of the cause of action. The first and third elements of the cause of action cannot be disputed. Lugo was an employee of the City and the assault occurred on City premises.

The second element is satisfied here in two ways. The allegation against Lugo for assaulting his girlfriend should have triggered a further investigation and the allegation itself placed the City on notice of Lugo's propensity for assaultive behavior. The second element is satisfied when the employer failed to investigate a prospective employee notwithstanding knowledge of "facts that would lead a reasonably prudent person to investigate that prospective employee," *Adorno,* 312 F.Supp.2d at 518 (quoting *Sheila C. v. Povich,* 2 Misc.3d 315, 324, 768 N.Y.S.2d 571, 580 (2003)); *see also Wilson v. Diocese of New York,* No. 96 Civ. 2400(JGK), 1998 WL 82921, at *3-4 (S.D.N.Y. Feb. 26, 1998). *Richardson v City of New York*, 04 CIV. 05314 (THK), 2006 WL 3771115 [SDNY Dec. 21, 2006], *affd,* 326 Fed Appx 580 [2d Cir 2009].

The City did nothing to follow up on the assault allegation, instead relying only on the outcome of the case. It is also satisfied because the HRA's Assistant Deputy Commissioner for Police Operations, Dexter Freeman admitted the investigation was not done properly.

The City however, claims that Freeman's admission that the City did not do a thorough investigation does not bind them.

Whether or not he was a FRCP 30 (b)(6) witness, Mr. Freeman's testimony as a high ranking official in the HRA Police Department is a damning evidentiary admission. With the standard of review for a summary judgment motion well known to this court, what rational trier of fact could find that the City conducted a full and compete background check on Lugo, when the man tasked with the decision to hire Lugo says they did not?

At the time he was asked to consider hiring Lugo, Freeman only knew that Lugo had "derogatory information" in his past. [that he had two low level convictions] And since he didn't interview Lugo, Freeman relied upon the people who did the interview and background checks. When asked if a full and complete job was done investigating Lugo, he said "no, it wasn't". Ex. M (Freeman Dep.) at P. 48 L15 to P. 49 line 14. And now the City seeks to disavow that testimony by claiming he's "only" a fact witness? He *is* a fact witness, one who has offered devastating testimony about the scope and quality of the background check done on Lugo. No "rational trier of fact" could come to any conclusion other than to agree with him.

The City's claim that it did a "comprehensive background check" is unpersuasive. The conclusion to be drawn about the Jones-Alexis investigation is that despite her claim, she never realized that Lugo lied on his application, never found out about the actual crimes he was charged with, and therefore never considered these facts in her review of the file. It flies in the face of reasonableness to say that if she did find it, she still would have passed him on as

"qualified for consideration", that she would not have made a single note in the file about finding it or about speaking to a supervisor about it. She did neither.

The fact that she didn't follow up on the NYPD's failure to respond to her request for their file on Lugo, only further demonstrates how negligent her "investigation" was.

Like Mr. Freeman said, Lugo's file should never have even made it to him for consideration; it should have been rejected before he was consulted.

### Continuing to assert that assault specificity is the law doesn't make it so.

Despite clear Second Circuit authority to the contrary, the City continues to assert that an employer must be aware of the specific type of assault propensity of an employee, before they can be held liable for negligent hiring. [MOL in Opp P.8]

This is simply not the law. Continued reliance on case law that was decided before the 2015 decision in *Doe v. Montefiore Med. Ctr.*, 598 Fed Appx 42, 43 [2d Cir 2015], which the City now agrees holds that assault specificity is not settled in New York, is inappropriate. Each and every case cited in their memorandum of law offered in support of "assault specificity", was decided before the Second Circuit addressed the issue in 2015.

### Proximate cause

The defendants' assertion that the plaintiff has not established foreseeability is an attempt to take the obvious purpose behind the HRA's same-sex arrest policy and obscure it. The HRA had in place a written policy designed to prevent males and females from being left alone during arrest processing. The policy called for a member of the same sex of the arrestee to be present. The reason for having the policy in place is obvious to any reasonable person. It's to prevent

opportunities for sexual misconduct. If that were not the case, the sex of the additional officer mandated to be with the arrestee would not have been specified.

Incredibly, the City falsely states that the HRA's same sex policy "explicitly indicates that it is designed" only to reduce "any impression of misconduct on the part of HRA police officers". Stmt of undisputed facts ¶119. They seem to be arguing that it's not in place to actually prevent misconduct on the part of HRA police officers, only to **reduce any impression of misconduct**. The argument is ridiculous on his face. The document is available for the court to review as Exhibit "R" of Rubin declaration attached to plaintiff's original moving papers.

### Neither Jones-Alexis nor Freeman is entitled to Governmental Immunity

The burden of proof in establishing entitlement to governmental immunity is upon the municipality asserting it. "[R]esolution of defendant's argument that he is entitled to governmental immunity—[is] an affirmative defense on which he bears the burden of proof..." *Villar v. Howard*, 28 NY3d 74, 80-81 [2016].

In this two prong analysis, the City must establish as a matter of law that Jones-Alexis and Freeman were employees who were authorized to exercise discretion in their jobs, and if so, that they exercised discretion here. Jones-Alexis is not a discretionary employee and she did not exercise any here. Freeman is a discretionary employee, but he did not exercise any here.

### Jones-Alexis

In the context of Jones-Alexis, the first prong can be stated simply: "given the information provided by Lugo, did Jones-Alexis have the discretion to place Lugo in a category other than "qualified for consideration"?

The fact that Jones-Alexis was required to place Lugo in the "qualified for consideration category" is made clear by her own testimony, see Rubin Decl. Ex. I (Jones-Alexis Dep.) at P

107 L 9-14 and L 18-21. When asked by counsel for the City about her ability to exercise discretion in this area, Jones-Alexis answer the following question, the following way. "...Did you have discretion in giving an ultimate determination whether it was qualified, qualified for consideration, or disqualified?" Answer: "no"

Because Lugo has "derogatory information" in his file, (he was arrested) Jones-Alexis was required to place him in the "qualified for consideration" category. To further solidify the fact that Jones-Alexis was obligated to categorize Lugo as such, she went on to say Rubin Decl. Ex. I (Jones-Alexis Dep.) at P 107 L 18-21: "well, for qualified we were able to make a determination, like I can sign off, qualified for consideration and disqualification, no".

Subsequently, and apparently because she was unhappy with her own witness's answers, counsel for the City asked a series of leading questions designed to elicit the answer she sought.

### Immunity for Dexter Freeman

The City claims without authority that Mr. Freeman's involvement in hiring Lugo entitles them to Governmental Immunity. The DCAS file, which failed to take note of Lugo's lies, was not shared with anyone at HRA, including Freeman. The email he was sent asking him to consider hiring Lugo did not mention it. It's not clear how the City can reasonably argue that Mr. Freeman considered the false statements in Lugo's application when he wasn't aware of them. Their argument that any discretion exercised by Alexis-Jones at the lower level can somehow be attributed to Freeman [Reply Aff P. 22] is offered without authority.

The City cannot assert immunity for him because as Freeman made very clear in his deposition testimony, in his decision to hire Lugo, he never exercised any discretion relative to the alleged negligence. His decision to hire Lugo did not actually result from discretionary decision-making—i.e., "the exercise of reasoned judgment which could typically produce

different acceptable results." Freeman was simply never given the chance to exercise discretion on these issues.

While Freeman is a discretionary decision maker, because he did not exercise it here, immunity cannot attach.

## CONCLUSION

There is no view of the evidence in this case from which a reasonable fact-finder could conclude that the City did not negligently hire former Sergeant John Lugo. Each of the three elements of the negligent hiring cause of action has been either admitted or are clearly established as a matter of law.

The five known allegations of assaultive behavior made against Lugo before the assault on Zilioli, clearly demonstrates that the City was on notice of Lugo's propensity for assaultive behavior, and with regard to the pre-arrest allegation, they should have investigated further.

An admission that such an attack was foreseeable is contained in the HRA PD's written policy of requiring a same-sex officer in close proximity to an arrestee throughout the entire period of processing.

The City's negligence proximately caused Zilioli's injury. Had the City simply followed its own procedures and rejected Lugo's application, he would not have been in a position to injure the plaintiff.

**Wherefore**, it is respectfully requested that the plaintiff's motion as to the first cause of action in the TAC, seeking an order finding liability against the City be granted, and the matter be set down for a trial on damages.

DATED:   New York, New York
         September 27, 2019

Yours, etc.,

KELLY & RUBIN, LLP.

Michael F. Rubin, Esq. (0697)
Attorney for Plaintiff(s)
225 Broadway, 3rd Floor
New York, New York 10007
Tel. (212) 691-9393

TO: Bridgette Nunez-Figueroa, Esq.
Assistant Corporation Counsel
Corporation Counsel of New York
100 Church Street
New York New York 10007
Tel. (212) 356-1643
**VIA ECF**